**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CREATIVE TOUCH INTERIORS, INC.,

    Plaintiff,

v.                                                     Case No. 6:15-cv-1165-Orl-37DAB

GUSTAVO PRUGNER,

    Defendant.

**ORDER**

This cause is before the Court on Plaintiff Creative Touch Interiors, Inc. *d/b/a* HD Supply Interior Solutions' Motion for Issuance of a Temporary Restraining Order and for a Preliminary Injunction and Memorandum of Law in Support (Doc. 2), filed July 17, 2015. Upon consideration, the Court finds that the motion is due to be denied.

**BACKGROUND**

Plaintiff, Creative Touch Interiors, Inc. ("CTI"), is "a leading provider of interior finish solutions to the construction industry." (Doc. 2-1, ¶ 2.) Starting January 27, 2014, Defendant worked as a Field Operations Manager for CTI's Orlando office, where he "had regular and systematic contact and interaction with CTI's customers and vendors," "worked primarily with three of CTI's four biggest customers . . . managing CTI operations and these customers' job sites," and "performed the critical duties of ensuring CTI met customer expectations for the completion of field projects and tasks." (*Id.* ¶¶ 5, 12–15, 17; Doc. 2-2, ¶¶ 4–5; *see also* ¶¶ 6–8.) Defendant's employment was conditioned upon the signing of an agreement that contained non-compete and non-solicit provisions. (*See* Doc. 1-1 ("Employment Agreement").)

On June 19, 2014, Defendant notified CTI that he intended to resign. (Doc. 2-2, ¶ 10; Doc. 1-2.) CTI's Branch Manager for the Orlando office, Rock Wagner, offered Defendant continued employment, which Defendant rejected, and reminded Defendant of his post-employment obligations, including the non-compete and non-solicit terms of the Employment Agreement.  (Doc. 2-2, ¶¶ 11–12, 15.) Defendant's last day with CTI was July 2, 2015. (Doc 2-2, ¶¶ 10, 17; Doc. 2-1, ¶ 17.) On July 7, 2014, CTI sent a letter to Defendant again reminding him "of his post-employment obligations." (*Id.* ¶ 18; Doc. 1-3.)

According to his LinkedIn profile, Defendant is now working for CTI's competitor, Ally Building Solutions, LLC ("Ally"). (Doc. 2-2, ¶ 18; Doc. 2-2, p. 13 ("Exhibit B"); *see also id.* ¶¶ 12 – 14.) CTI fears that Defendant's employment with its competitor will inflict "grave economic injury upon CTI." (Doc. 2-1, ¶19–22; Doc. 2-2, ¶¶ 19–22.) Consequently, CTI filed this breach of contract action for Defendant's alleged breach of the non-compete and non-solicitation provisions of his Employment Contract. (Doc 1.) Alongside the Complaint, CTI also filed a motion for temporary restraining order ("TRO") to restrain Defendant from working for its competitor Ally while the litigation is pending. (Doc. 2.)

**STANDARDS**

Federal Rule of Civil Procedure 65 authorizes the Court to enter preliminary injunctions and Temporary Restraining Orders. To prevail on its request for injunctive relief, Plaintiff must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction were not granted; (3) that the threatened injury to Plaintiff outweighs the harm that an injunction may cause Defendant; and (4) that granting the injunction would not disserve the public interest. *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995). A preliminary injunction

is "an extraordinary and drastic remedy" that should only be granted if the movant clearly establishes all four elements. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). However, the Court does not have to find that "evidence positively guarantees a final verdict in plaintiff's favor." *Levis Strauss*, 51 F.3d at 985.

The Court is authorized to issue a temporary restraining order without notice to the adverse party in very limited emergency circumstances. *See* Fed. R. Civ. P. 65(b); Local Rule 4.05. The elements for a temporary restraining order are essentially the same as those for a preliminary injunction, except that a motion for temporary restraining order must be supported by allegations "not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." Local Rule 4.05(b)(2) (citing Fed. R. Civ. P. 65(b)). Issuance of a TRO also requires an affidavit or verified complaint to set forth facts showing that irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, Fed. R. Civ. P. 65 (b)(1)(A), and a certification in writing of any efforts made to give notice and the reason it should not be required. Fed. R. Civ. P. 65 (b)(1)(B).

## DISCUSSION

While CTI does assert that "injury . . . is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible" (Doc. 2, p. 18), it fails to provide sufficient allegations to support this assertion. The Court does not discredit the potential for irreparable harm from an alleged breach of contract, but it also is not persuaded that the threatened harm shown by Plaintiff[1] constitutes such an emergency

---

[1] CTI essentially argues that threatened harm is damage to its goodwill and the

that the Court must redress it via the extraordinary and drastic remedy of a TRO. The interest of justice calls for notice and a chance for Defendant to respond.

Moreover, Plaintiff's counsel has not certified "in writing any efforts made to give notice [nor] the reasons why it should not be required," thus failing to satisfy Federal Rule of Civil Procedure 65(b)(1)(B).[2]

Because Plaintiff has failed to meet the high threshold for the issuance of a TRO, the Motion is due to be denied.[3] Nevertheless, due to the allegations of imminent harm and irreparable injury, the Court will convert the Motion for TRO into one for preliminary injunction and set an expedited briefing schedule and hearing on the matter.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff Creative Touch Interiors, Inc. *d/b/a* HD Supply Interior Solutions' Motion for Issuance of a Temporary Restraining Order and for a Preliminary Injunction and Memorandum of Law in Support (Doc. 2) is **DENIED** insofar as it seeks a temporary restraining order.

---

potential for Defendant use the knowledge he obtained of CTI's confidential and proprietary information and trade secrets "to obtain customers for Ally at the expense of CTI's business." (Doc. 2, p. 15; *see also* Doc. 2-1, ¶¶ 18–22; Doc. 2-2, ¶¶ 19–22.) Two points are worth noting: (1) any harm suffered by CTI can potentially be remedied by monetary relief; and (2) CTI has not made a sufficient showing that Defendant, who was employed by CTI since only January of 2014, could irrevocably alter business relationships in a manner sufficient to warrant a TRO.

[2] Absence of efforts to notify the Defendant in writing is more troublesome in light of the already pending litigation against Ally in the Jacksonville Division of this Court and its' principles supporting an inference that notice of a request for expedited relief is certainly feasible. *See Creative Touch Interiors, Inc. v. Ally Building Solutions, LLC*, Case. No. 3:15-cv-860-J-34JBT.

[3] The Court notes that this determination is not to be taken as a decision on the merits and does not preclude the possibility of a future issuance of a preliminary injunction. *See* Local Rule 4.05(b)(6).

2. Plaintiff Creative Touch Interiors, Inc. *d/b/a* HD Supply Interior Solutions' Motion for Issuance of a Temporary Restraining Order and for a Preliminary Injunction and Memorandum of Law in Support (Doc. 2) is **CONVERTED** to and **TAKEN UNDER ADVISEMENT** as a Motion for Preliminary Injunction.

3. Plaintiff is **DIRECTED** to immediately serve on Defendant: (1) copies of the Complaint and its exhibits; (2) a copy of the Motion (Doc. 2); and (3) a copy of this Order. Plaintiff is further **DIRECTED** to file proof of service on or before Friday, **July 24, 2015**.

4. On or before Friday, **July 24, 2015**, Plaintiff may file any further evidence and affidavits in support of the converted motion for preliminary injunction.

5. On or before Monday, **August 3, 2015**, Defendant may file a response in opposition to the converted motion for preliminary injunction, including all opposing affidavits.

6. On or before Monday, **August 10, 2015**, Plaintiff may file a reply to Defendant's response. Plaintiff's reply shall be directed only to Defendant's response and shall not include any new issues, rebuttal affidavits, or other evidence in support. Plaintiff's reply shall not exceed seven (7) pages.

7. This matter will be heard before the undersigned on Wednesday, **August 19, 2015**, at 1:30 p.m., in Courtroom 4A of the Orlando Courthouse, 401 West Central Boulevard, Orlando, Florida 32801. Each side shall have thirty (30) minutes for oral argument. No evidence will be taken at the hearing.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 20, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record